**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| FREDDIE DUNNING, JR. and | ) | |
| PAULETTE DUNNING, | ) | |
| | ) | |
|     **Plaintiffs,** | ) | **CIVIL ACTION NO.:** |
| **v.** | ) | **2:19-CV-00376-KOB** |
| | ) | |
| GHS INTERACTIVE SECURITY, | ) | |
| LLC and PRESTON BURNETT, | ) | |
| | ) | |
|     **Defendants.** | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the court on Plaintiffs' request, pursuant to 28 U.S.C. § 1447(c), for costs, expenses, and attorney's fees related to Defendant Preston Burnett's removal of this action to federal court. (2:19-CV-376-KOB, Doc. 8 at 18). As explained below, this court GRANTS Plaintiffs' request as to Defendant GHS Interactive Security, LLC but DENIES Plaintiffs' request as to Mr. Burnett.

Plaintiffs filed this action in Jefferson County Circuit Court on June 20, 2018. (2:18-CV-1156-KOB, Doc. 1). On July 25, 2018, Defendant GHS removed the action to this court. (*Id.*). As of that date, Plaintiffs had not yet served Mr. Burnett with process, so Mr. Burnett did not join GHS's removal petition. On August 24, 2018, Plaintiffs moved to remand and on November 7, 2018, this court granted the motion. (2:19-CV-376-KOB, Docs. 7 & 16). As explained in its Memorandum Opinion, the court determined that GHS had not met its burden of establishing its own citizenship and therefore had not met its burden of establishing complete diversity. (Doc. 16 at 3).

Following the remand, the plaintiffs served Mr. Burnett with process on January 31, 2019. Mr. Burnett then filed his notice of removal on March 1, 2019. (2:19-CV-376-KOB, Doc. 1). Plaintiffs again moved to remand, arguing that the defendants had still failed to adequately allege the citizenship of GHS. (2:19-CV-376-KOB, Doc. 8). Plaintiffs also requested costs, expenses, and attorney's fees incurred as a result of the second removal. (*Id.*). This court granted Plaintiffs' motion to remand and remanded the case to Jefferson County Circuit Court. (2:19-CV-376-KOB, Doc. 21 & 22). But the court retained jurisdiction for the purpose of assessing the appropriateness of awarding costs and fees and ordered Defendants to show cause why it should not award them. (2:19-CV-376-KOB, Doc. 21 at 2). Each Defendant timely responded to the court's Order. (2:19-CV-376-KOB, Doc. 23 & 24).

The Supreme Court has established that "courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).The Eleventh Circuit has further explained that "the reasonableness standard was ultimately the result" of the attempt to deter removals made for the purpose of "prolonging litigation and imposing costs on the opposing party," while also not interfering with Congress's decision "to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Bauknight v. Monroe City*; 446 F.3d 1327, 1329 (11th Cir. 2006).

Here, Mr. Burnett argues that Plaintiffs have not demonstrated that he "lacked an objectively reasonable basis for seeking removal" of this action. According to Mr. Burnett, he had no reasonable basis to believe that complete diversity did not exist and that the only information available to him suggested that complete diversity *did* exist. When the court first

remanded this case, GHS's failure to establish diversity appeared to be a result of pleading deficiencies, as opposed to any substantive barrier to complete diversity. (*See* 2:19-CV-1156-KOB, Doc. 16 at 3) ("Defendant has not satisfactorily established the citizenship of its members."). The pleadings and evidence GHS submitted in connection with the prior removal constituted Mr. Burnett's principal knowledge of GHS's citizenship, and his independent investigation of publicly available documents did not reveal any information that would defeat complete diversity. (Doc. 23 at ¶¶ 10–12). Only *after* removing the matter did Defendants jointly investigate GHS's ownership structure and discover an Alabama citizen member who defeated complete diversity. (Doc. 23 at ¶¶ 14–15). But *at the time of removal*, Mr. Burnett could have had an objectively reasonable basis that, given a second chance, GHS could cure the initial removal's defects and properly establish the citizenship of its members. So the court DENIES Plaintiffs' request for costs and fees as to Mr. Burnett.

GHS similarly argues that its belief that diversity jurisdiction existed, while ultimately incorrect, had an objectively reasonable basis. But GHS's argument fails because, unlike Mr. Burnett, GHS stood in the best position to ascertain its own membership. GHS claims that while its admittedly complex corporate structure ultimately revealed a lack of complete diversity, Plaintiffs have provided no evidence that GHS lacked an objectively reasonable basis for seeking removal. But GHS had imputed, if not actual, knowledge of its own membership structure and had the responsibility to determine its own citizenship before involving this court in a protracted dispute about subject matter jurisdiction. GHS knew it had a complex ownership structure and should have resolved the lingering citizenship questions well before Mr. Burnett removed this action. Instead, GHS's own response concedes that it provided (apparently incorrect) ownership information to Mr. Burnett and suggested he could establish diversity jurisdiction by clarifying in

a second removal petition the entity types of two of GHS's members. (Doc. 24 at ¶ 12). GHS argues that only after weeks of investigation did it discover that its ownership structure included an Alabama resident. But Plaintiffs moved to remand the first time in August 2018, and this court granted that motion in November 2018. So even if GHS diligently attempted but failed to ascertain its proper citizenship the first time around, it had months to verify the citizenship of its members before Plaintiffs served Mr. Burnett. Instead, GHS apparently did nothing until Mr. Burnett received service and then encouraged him to remove the action a second time.

GHS cannot now rely on its failure to prepare as establishing an objectively reasonable basis that complete diversity existed. So the court concludes that, because its own lack of diligence resulted in its failure to timely ascertain its citizenship—and imposed on Plaintiffs the need to seek and receive remand a second time—GHS lacked an objectively reasonable basis for the removal. Pursuant to 28 U.S.C. § 1447(c), the court GRANTS Plaintiffs' request for costs, expenses, and attorney's fees as to Defendant GHS.

So, this court **GRANTS** the Plaintiffs' request for attorney's fees and costs pursuant to § 1447(c) as to GHS but **DENIES** the Plaintiffs' request as to Mr. Burnett. The court reserves jurisdiction for the sole purpose of calculating and awarding those fees and costs. *See Cooter & Gell v. Harmarx Corp.*, 496 U.S. 384, 395 (1990). ("It is well established that a federal court may consider collateral issues after an action is no longer pending. For example, district courts may award costs after an action is dismissed for want of jurisdiction."); *Stallworth v. Greater Cleveland Reg'l Transit Auth.*, 205 F.3d 352, 257 (6th Cir. 1997) (holding that district court had jurisdiction to consider plaintiff's application for attorney's fees after it remanded the case); *Montgomery & Larmoyeux by Montgomery v. Philip Morris, Inc.,* 19 F.Supp. 2d 1334 (S.D. Fla.

1998) (retaining jurisdiction to award attorney's fees incurred as a result of removal after case had been remanded).

The court **DIRECTS** Plaintiffs to file with the court an accounting of the costs and fees that are recoverable pursuant to 28 U.S.C. § 1447(c) on or before July 26, 2019. Defendant GHS shall file its response as to the reasonableness of those fees, if necessary, on or before August 2, 2019.

**DONE** and **ORDERED** this 17th day of July, 2019.

_____

**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE